**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7086**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DANIEL LAUREY,

             Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:06-cr-00586-JKB-1)

Submitted: January 23, 2020                    Decided: January 28, 2020

Before WYNN, DIAZ, and RICHARDSON, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Katherine Tang Newberger, Senior Litigation Counsel, Shari Silver Derrow, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant. Ellen E. Nazmy, Special Assistant United States Attorney, David I. Salem, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Laurey appeals the district court's order denying his motion for a sentence reduction pursuant to the First Step Act of 2018 ("the Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194. The court concluded that Laurey was not eligible for relief because his Sentencing Guidelines range is driven by the career offender offense level, which was unaffected by the Act. In reaching this conclusion, the court examined the quantity of cocaine base attributed to Laurey by stipulation as relevant conduct rather than the quantity of cocaine base charged in the indictment. We recently held, however, that it is the drug quantity charged in the indictment that controls whether the defendant is eligible for relief under the Act. *United States v. Wirsing*, 943 F.3d 175, 182, 185-86 (4th Cir. 2019). We further clarified that a motion for a sentence reduction pursuant to the Act arises under 18 U.S.C. § 3582(c)(1)(B) (2018), rather than 18 U.S.C. § 3582(c)(2) (2018). *Wirsing*, 943 F.3d at 183-85.

Based on our review of the record in light of *Wirsing*, we conclude that Laurey is, in fact, eligible for a sentence reduction under the Act. Accordingly, we vacate the district court's order and remand so that the court may consider whether to exercise its discretion to grant Laurey's motion. *See id.* at 180 ("Congress left the decision as to whether to grant a sentence reduction to the district court's discretion."). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

2